# United States Bankruptcy Court
## District of Massachusetts

## THIRD AMENDED CHAPTER 13 PLAN

Filing Date: _____

Docket #: **15-10761**

Debtor: **Coles, Roosevelt**

Co-Debtor: **Coles, Karen Kappler**

SS#: **0887**

SS#: **2279**

Address: **138 Russell Rd, W. Newton, MA 02465**

Address: **138 Russell Rd, W. Newton, MA 02465**

Debtor's Counsel:

**William C. Parks, Esq.**
**100 State St, Suite 900**
**Boston, MA 02109**

**(617) 523-0712**
**(617) 765-0167**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**United States Bankruptcy Court**
**District of Massachusetts**

**THIRD AMENDED CHAPTER 13 PLAN**

Docket#:**15-10761**

| DEBTOR: | **Coles, Roosevelt** | SS# **0887** |
|---|---|---|
| | **Coles, Karen Kappler** | **2279** |

I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ __**1,560**__ for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☒ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:
☐ ___ Months. The Debtor states as reasons therefore:

II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Select Portfolio Servicing** | **Pre-petition arrears (1st Mtg - 134 Russell)** | 6,626.73 |
| **Select Portfolio Servicing** | **Pre-petition fees, expenses, and charges (Mtg as above)** | 2,507.80 |
| **Urban Financial of America** | **Pre-petition tax advance (1st Mtg - 138 Russell)** | 9,481.28 |
| **JP Morgan Chase Bank, N.A.** | **Auto loan (payoff + 5% int)** | 11,651.18 |
| **MA DOR** | **Tax Lien** | 39,530.06 |
| **City of Newton** | **Real Estate Tax and Water Liens** | 8,944.23 |
| | Total of secured claims to be paid through the Plan: $ | __78,741.28__ |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **Select Portfolio Servicing** | **1st Mtg - 134 Russell** |
| **Celink / Urban Financial of America** | **Reverse Mtg - 138 Russell** |

Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **JP Morgan Chase Bank, N.A.** | **Set interest rate to 5%, waive default and late fees** | **(full - see above)** |

D. Leases

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :

iii. The arrears under the lease to be paid under the plan are $    0.

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| USA (IRS) | Income Taxes 2009-2013 | 193,050.55 |
| City of Newton | Excise Tax | 435.76 |

Total of Priority Claims to Be Paid Through the Plan: $ __193,486.31__

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan within one year): $**1,500.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **00.00**% of their claims.

A. General unsecured claims: $ __138,238.87__
B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **N/A** | | **$0.00** |

Total of A + B + C unsecured claims: $ __138,238.87__

D. Multiply total by percentage**:** $ **0.00**
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **N/A** | | |

Total amount of separately classified claims payable at **100**%: $ __0.00__

VI. OTHER PROVISIONS:
   Debtors shall turn over non-exempt proceeds from their Schedule B claims to the trustee.
A. Liquidation of assets to be used to fund Plan: Debtors reserve the right to liquidate assets to fund plan, but have NO obligation to do so.

B. Miscellaneous provisions: Debtors shall incur debt secured by real property at 138 Russell Rd, to partially fund plan.

VII. CALCULATION OF PLAN PAYMENT:

| | | |
|---|---|---|
| a. Secured claims (Section I-A Total): | $ | 78,741.28 |
| b. Priority claims (Section II-A & B Total): | $ | 193,486.31 |
| c. Administrative claims (Section III-A & B Total): | $ | 1,500.00 |
| d. Regular unsecured claims (Section IV-D Total): | $ | 0.00 |
| e. Separately classified unsecured claims: | $ | 0.00 |
| f. Total of a + b + c + d + e above: | $ | 273,727.59 |
| g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: (represents total amount paid into plan) | $ | 304,141.77 |
| g2. (total minus $210,541.77 from 'Miscellaneous provisions' above) | $ | 93,600.00 |
| h. Divide (g) Cost of Plan by Term of Plan: **60** months | | |
| i. Round up to nearest dollar: Monthly Plan Payment: | $ | 1,560.00 |

(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **134 Russell Rd** | **$585,975.00** | **$588,660.54** |
| **138 Russell Rd** | **$620,638.00** | **$398,704.58** |

Total Net Equity for Real Property: $ **221,933.42**
Less Total Exemptions (Schedule C): $ **221,933.42**
Available Chapter 7: $ **0.00**

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **2008 Land Rover HSE** | **$15,320** | **$10,290.07** | **$5,029.93** |
| **1998 Mercedes** | **$1,145** | **$0** | **$1,145** |

Total Net Equity: $ **6,174.93**
Less Total Exemptions (Schedule C): $ **6,174.93**
Available Chapter 7: $ **0.00**

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value: $ **96,213.44**
Less Exemptions (Schedule C): $ **96,213.44**
Available Chapter 7: $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **0.00**.

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

*/s/ William C. Parks*                               **Mar 27, 2015**
Debtor's Counsel                                     Date

Attorney's Address:
**Law Offices of William C. Parks, PC**
**100 State St, Suite 900**
**Boston, MA 02109-0000**

Tel. # **(617) 523-0712**            Email Address:    **will@wparkslaw.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

*/s/ Roosevelt Coles*                               Date  **Mar 27, 2015**
Debtor

*/s/ Karen Kappler Coles*                           Date  **Mar 27, 2015**
Joint Debtor